# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.:    03-CR-0156

STEVE DELGADO,                        Appeal No.    04-2543

    Defendant.

## STATEMENT OF SENTENCING COURT

Defendant Steven Delgado was charged in an Indictment with five counts relating to drug trafficking. Pursuant to a plea agreement with the Government, Delgado entered a plea of guilty to one count of conspiracy to distribute marijuana in July of 2000 through June, 2003, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 846. His sentencing range under the United States Sentencing Guidelines was determined to be 92 to 115 months. A sentence of 92 months was imposed and Delgado appealed. While his appeal was pending, the United States Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738 (2005), in which the court held that henceforth the United States Sentencing Guidelines would be considered advisory to the sentencing court and thus not controlling. Because Delgado had not raised the issue in this court, the question on appeal is whether this court's application of the guidelines as mandatory amounts to plain error. The Seventh Circuit has ordered a limited remand so that the court can indicate whether it would have imposed the same sentence even if it had been aware that the guidelines were advisory. *See United States v. Paladino*, 401 F.3d 471, (7th Cir. 2005). Having requested and obtained the statements of position of counsel for the parties, the court is now prepared to issue its determination.

Upon consideration of the entire record, I conclude that I would have imposed the same sentence, even if I had been aware that the guidelines were advisory. My reasons for doing so would have been based primarily upon the seriousness of the offense. The defendant was the California supplier in a conspiracy to distribute marijuana in the Fox Valley area that lasted approximately three years. The defendant was responsible for distributing between 100 and 400 kg. of marijuana during this period of time. His co-defendants in the Fox Valley area received sentences of 86 and 84 months imprisonment, despite having lower criminal history scores. Given the defendant's role as the supplier and his greater criminal history category, a sentence of less than 92 months would have been disproportionate to the seriousness of the offense.

It is true, as I recognized at the sentencing hearing, that the defendant had a number of positive characteristics in his life. He had strong family support and appeared to have a stable family situation. These factors led me to believe that the low end of the guidelines was appropriate. However, they are not so unusual as to outweigh the seriousness of the offense the defendant committed, especially taking into consideration his significant prior criminal history.

In light of the need to deter others who might be economically motivated to engage in similar behavior, I am satisfied that a sentence at the low end of the guideline range was appropriate. A conspiracy that lasts some three years and involves this quantity of drugs is not some sort of youthful indiscretion. The defendant had to have been cognizant of the serious crime he was involved in. Given these circumstances, *Booker* would not have changed the result.

Dated this   15th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge